UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OTEMAH BOAKYE,<br><br>Plaintiff,<br><br>vs.<br><br>NATURA INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action No.   1:22-cv-5026<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Otemah Boakye by and through her attorneys, The Law Office of Christopher Q. Davis, PLLC, alleges upon knowledge and information and belief as follows:

### NATURE OF ACTION

1. Plaintiff Otemah Boakye ("Boakye" or "Plaintiff") was employed by Defendant Natura International, Inc. ("Natura" or "Defendant") as a New Business Sales Manager.

2. Plaintiff brings this action against Defendant for failure to pay overtime premiums, liquidated damages, interest, attorneys' fees, and costs pursuant to either or both the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and the New York Labor Law §§ 190 *et seq*. ("NYLL").

3. Plaintiff also brings this action against Defendant for violations of the New York State Human Rights Law N.Y. Executive Law § 290 *et seq*. ("NYSHRL") and the New York City Human Rights Law Title 8 of the Administrative Code of the City of New York, § 8-107 *et. seq*. ("NYCHRL").

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

5. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 207 *et seq*.

6. This Court has supplemental jurisdiction over Plaintiff's legal claims brought under the NYSHRL and NYCHRL, pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiff's claims occurred in this district.

## PARTIES

8. Plaintiff Otemah Boakye is a former employee of Defendant and presently and at all relevant times resided in Jersey City, New Jersey.

9. Defendant employed Boakye as a New Business Sales Manager from October 26, 2020 through March 15, 2022.

10. Defendant Natura is a domestic corporation licensed to conduct business in the state of New York and is incorporated under the laws of the state of New York.

11. Natura's principal place of business and corporate headquarters is located at 148 Lafeyette Street, 5th Floor, New York, NY, 10013.

12. Natura is a company that sells all vegan personal bath and body goods to individual consumers and businesses across the United States, Canada and other parts of the world.

13. At all times relevant to this action, Defendant employed more than 4 employees and made in excess of $500,000 in revenue annually.

14. At all times relevant to this action, Defendant met the definition of Plaintiff's "employer" under all applicable statutes, including but not limited to the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Plaintiff Boakye's Job Duties and Employment History with Defendant**

15. On October 26, 2020, Natura hired Boakye as a New Business Sales Manager.

16. Throughout her employment, Boakye reported directly to Maria Eduarda de Sa Cavalcanti, the General Manager at Natura.

17. Boakye's primary responsibilities were to assist with developing new partnerships for the Company's Wholesale business, customer service and Natura's retail division.

18. Boakye was not permitted to exercise discretion or independent judgment when performing her job duties.

19. General Manager Cavalcanti closely supervised Boakye.

20. Boakye did not have authority to approach potential new Wholesale partners without approval from General Manager Cavalcanti.

21. Boakye did not have authority to initiate or sign off on new contracts with Wholesale partners.

22. While Boakye exercised limited supervisory authority over one full-time and one part-time employee, this was a minor part of her job duties.

23. Boakye did not have authority to take disciplinary action against the employees she purportedly supervised, nor did she have authority to hire, terminate or set rates of pay.

24. On one occasion, the full-time employee sought a pay raise and Boakye referred her to General Manager Cavalcanti, because Boakye did not have authority to approve such a request.

**Defendant Misclassified Boakye as Exempt from Overtime Requirements and Denied Boakye Earned Overtime Premiums**

25. The FLSA requires covered employers, including Defendant, to compensate all

3

non-exempt employees, such as Plaintiff, at a rate of not less than one and one-half times the employee's regular rate of pay for work performed in excess of forty hours per workweek

26. Defendant intentionally misclassified Plaintiff as an exempt employee and paid her as a salaried employee, instead of as a non-exempt hourly employee.

27. Defendant compensated Boakye with an annual salary of $80,000 and a bonus up to ten percent of her base salary ($8,000).

28. Defendant regularly required Plaintiff to work more than forty hours in a workweek without paying her any overtime compensation.

29. Specifically, Boakye regularly worked an average of 50 hours in her position without any premium for hours worked in excess of 40 hours per week.

30. As such, nearly every week of Boakye's employment, excluding the rare weeks in which she took a vacation day or sick day, she worked at least 10 hours of overtime a week accrued from performing her regular duties as well as supporting the customer service division.

31. During the holiday season from mid-November through late December—Boakye worked up to *twenty-five* hours in addition to 40 hours during each workweek.

32. For example, during the week of November 15, 2021, Boakye worked her regular 40-hour workweek and did not take any vacation or sick days. During that week, she worked up to twenty-five additional hours assisting with Natura's pop-up retail kiosk in Union Square. This is just one of many examples where Boakye worked overtime hours.

**Defendant Had Knowledge of Plaintiff's Overtime**

33. Defendant knew that Plaintiff regularly worked more than forty hours in a workweek in order to fulfill her job duties and yet did provide her with overtime compensation.

34. Defendant was particularly aware of when Boakye worked a substantial amount of

overtime hours during the holiday season.

35. On several occasions, Boakye directly complained to Cavalcanti about the amount of work she was performing; however, Cavalcanti responded with dismissiveness each time.

36. Because Defendant knew that Plaintiff performed work that required overtime pay, Defendant's conduct was willful and in bad faith and has caused significant damages to Plaintiff.

37. As a result of the misclassification, Defendant failed to accurately record and preserve records of all hours worked by Plaintiff to precisely determine her wages and hours worked.

**Defendant Did Not Comply with Its Obligations Under New York Law**

38. Defendant never provided Boakye with a Wage Notice.

39. Defendant did not provide Boakye with accurate wage statements.

**Defendant Subjected Boakye to Discriminatory Treatment Based on Her Race and Retaliation**

40. Boakye identifies as a Black, Ghanian-American woman.

41. For most of her employment, Boakye was the sole African American employee at Natura.

42. Boakye successfully fulfilled her job duties and met her annual goals.

43. Boakye was subjected to different standards and requirements than non-Black employees.

44. Cavalcanti micromanaged Boakye's work, including requiring her to send drafts of emails before sending them externally and completely restricting her from communicating with specific customers without involving Cavalcanti.

45. In addition to Boakye, Cavalcanti supervised a social public relations manager, logistics and finance manager, marketing manager and a digital manager. None of these other

employees are Black.

46. Calvacanti afforded non-Black employees a degree of autonomy that she did not afford to Boakye. For example, the non-Black employees had the ability to sign off on contracts with third parties.

47. Additionally, these non-Black managers were provided with more staff support and each had a coordinator who worked under them.

48. In the Fall before Boakye's termination, Natura hired another black woman in the marketing division in the role of a social and PR coordinator.

49. This Black co-worker's work was similarly scrutinized. She told Boakye that she was experiencing great anxiety at work because of the way she was treated.

50. At various times, Natura's Managers asked Boakye's opinion on Company efforts to market itself as being interested in diversity and inclusion.

51. In early 2021, Natura formed a diversity and inclusion group and asked Boakye to participate.

52. Meetings of Natura's diversity and inclusion group were routinely cancelled.

53. Boakye expressed concerns, to Cavalcanti and others, that Natura's efforts with respect to diversity and inclusion were performative and commercially driven.

54. In approximately November 2021, a non-profit organization that Natura was supporting raised similar concerns that Natura was acting in a manner that was performative and was not genuine. This organization ended its affiliation with Natura.

55. Boakye decided to step back from Natura's diversity and inclusion initiatives.

56. In March 2022, Boakye met with Cavalcanti and expressed concerns that she was being treated unfairly because of her race and her prior actions with respect to Natura's diversity

and inclusion efforts.

57. In March 2022, Cavalcanti terminated Boakye's employment claiming that she did not believe that Boakye could meet "the new standards for her role."

58. Boakye was never informed of the new performance standards that were purportedly the basis for Cavalcanti's decision to terminate Boakye's employment.

59. The reasons that Natura provided to explain the decision to terminate Boakye's employment were a pretext for discrimination and retaliation.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Failure to Pay Overtime Compensation in Violation of the FLSA)

60. Plaintiff repeats and re-alleges each and every one of the above-referenced allegations as if fully set forth herein.

61. At all relevant times, Plaintiff regularly worked in excess of forty (40) hours per week.

62. At all relevant times, Plaintiff was an employee and Defendant was her employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

63. At all relevant times, Defendant were engaged in commerce or in an industry or activity affecting commerce.

64. Defendant constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r). The gross annual income for the enterprise exceeds $500,000.

65. Defendant knowingly and intentionally failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate of pay for each hour worked in excess of forty (40) hours per week in violation of 29 U.S.C. § 201 *et seq.*

66. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to Plaintiff

sufficient to determine her wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

67. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

68. Due to Defendant' FLSA violations, Plaintiff is entitled to recover from Defendant damages in the amount of unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Failure to Pay Overtime Compensation in Violation of the NYLL and NYCRR)**

69. Plaintiff repeats and re-alleges each and every one of the above-referenced allegations as if fully set forth herein.

70. At all relevant times, Plaintiff regularly worked in excess of forty (40) hours per week.

71. At all relevant times, Plaintiff was an employee and Defendant was her employer within the meaning of the NYLL.

72. Defendant knowingly and intentionally failed to pay Plaintiff overtime at a rate of one and one-half times her regular rate for each hour worked in excess of forty (40) hours per week in violation of New York Labor Law Article 19, §§ 650 *et seq.* and the supporting regulation of the New York State Department of Labor, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

73. Defendant' failure to pay Plaintiff's overtime premiums was willful within the meaning of the N.Y. Lab. Law § 663.

74. Due to Defendant' NYLL violations, Plaintiff is entitled to recover from Defendant damages in the amount of unpaid overtime compensation, liquidated damages, attorneys' fees and

costs, and interest.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Furnish Accurate Wage Statements in Violation of NYLL §195(3))

75. Plaintiff repeats and re-alleges each and every one of the above-referenced allegations as if fully set forth herein.

76. The recordkeeping provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant.

77. Defendant did not provide Plaintiff with a legally sufficient wage statement upon the payment of wages, as required by NYLL § 195(3).

78. NYLL §195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria required under the NYLL.

79. As a result of Defendant' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to NYLL § 198, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Furnish Wage Notices in Violation of NYLL §195(1))

80. Plaintiff repeats and re-alleges each and every one of the above-referenced allegations as if fully set forth herein.

81. Defendant failed to supply Plaintiff notice as required by NYLL § 195(1) and (2).

82. Due to Defendant's violations of NYLL § 195, Plaintiff is entitled to damages of $50 for each workday that Defendant failed to provide a wage notice, up to a total of $5,000, as provided for by NYLL § 198(1-b), reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Race Discrimination in Violation of the NYSHRL**
**(New York State Human Rights Law N.Y. Exec. Law §§ 296 *et seq*.)**

83. Plaintiff hereby repeats and re-alleges each and every one of the above-referenced allegations as if fully set forth herein.

84. Plaintiff was an "employee" within the meaning of the NYSHRL.

85. Defendant was Plaintiff's "employer" within the meaning of the NYSHRL.

86. Plaintiff is a Black woman, so she is within a protected class of individuals.

87. Plaintiff is, and has at all relevant times has been qualified for her position with Defendant.

88. Plaintiff satisfactorily performed her duties.

89. Defendant's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of Plaintiff's race in violation of New York State Human Rights Law N.Y. Exec. Law §§296, 296(1)(a).

90. Particularly, Defendant subjected Plaintiff to adverse employment actions on account of her race and denied her equal opportunity and treatment in the conditions of employment, including, but not limited to, overly scrutinizing her work, and providing her with less resources compared to that of her counterparts and eventual termination.

91. By the acts described above, Defendant, directly and/or through its employees and/or agents, subjected Plaintiff to discrimination in violation of NYSHRL.

92. Defendant Natura knew or should have known of the discriminatory conduct towards Plaintiff and yet failed to take immediate and appropriate corrective action to prevent such conduct; as such, Defendant is liable.

93. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, including monetary damages, compensatory damages, reasonable attorneys' fees and costs, and any and all penalties and/or fines.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**Retaliation in Violation of the NYSHRL**
**(New York State Human Rights Law N.Y. Exec. Law §§ 296 *et seq.*)**

94. Plaintiff hereby repeats and re-alleges each and every one of the above allegations as if fully set forth herein.

95. Plaintiff was an "employee" within the meaning of the NYSHRL.

96. Defendant was Plaintiff's "employer" within the meaning of the NYSHRL.

97. The NYSHRL makes it an unlawful practice to retaliate against an employee for complaining about a discriminatory practice.

98. In March 2022, Plaintiff participated in protected activity when she complained to her manager that she was being treated unfairly by her because of her race.

99. In March 2022, Defendant terminated Plaintiff's employment.

100. By and through its employees and/or agent, Defendant retaliated against Plaintiff for raising concerns about its discriminatory practice by terminating her employment.

101. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, including monetary damages, compensatory damages, reasonable attorneys' fees and costs, and any and all penalties and/or fines.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Race Discrimination in Violation of the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York, §8-107 et seq. ("NYCHRL")**

102. Plaintiff hereby repeats and re-alleges each and every one of the above allegations as if fully set forth herein.

103. Plaintiff was an "employee" within the meaning of the NYCHRL.

104. Defendant was Plaintiff's "employer" within the meaning of the NYCHRL.

105. Plaintiff is a Black woman, so she is within a protected class of individuals.

106. Plaintiff is and has at all relevant times been qualified for her position with Defendant.

107. Plaintiff satisfactorily performed her duties.

108. Defendant's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of Plaintiff's race in violation of the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York, §8-107 *et seq*. ("NYCHRL").

109. Particularly, Defendant subjected Plaintiff to adverse employment actions on account of her race and denied her equal opportunity and treatment in the conditions of employment, including, but not limited to, unfairly scrutinizing her work, holding her to unfair standards, and providing her with less resources compared to that of her counterparts and eventual termination.

110. By the acts described above, Defendant, directly and/or through its employees and/or agents, subjected Plaintiff to discrimination in violation of NYCHRL.

111. Defendant Natura knew or should have known of the discriminatory conduct imposed towards Plaintiff and yet failed to take immediate and appropriate corrective action to prevent such conduct; as such, Defendant is liable.

112. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, including monetary damages, compensatory damages, reasonable attorneys' fees and costs, and any and all penalties and/or fines.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**Retaliation in Violation of the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York, §§ 8-107 *et seq*.**

113. Plaintiff hereby repeats and re-alleges each and every one of the above allegations as if fully set forth herein.

114. Under the NYCHRL, it is unlawful for an employer to retaliate against an employee for opposing a discriminatory practice.

115. Plaintiff was an "employee" within the meaning of the NYCHRL.

116. Defendant was Plaintiff's "employer" within the meaning of the NYCHRL.

117. In March 2022, Plaintiff participated in protected activity when she complained to her manager that she was being treated unfairly by her because of her race.

118. In March 2022, Defendant terminated Plaintiff's employment.

119. By and through its employees and/or agent, Defendant retaliated against Plaintiff for raising concerns about discriminatory practice by terminating her employment.

120. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, including

monetary damages, compensatory damages, reasonable attorneys' fees and costs, and any and all penalties and/or fines.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

A. That Defendant is found to have violated the provisions of the Fair Labor Standards Act and New York Labor Law as to Plaintiff;

B. That Defendant's violations as described above are found to be willful;

C. An award to Plaintiff for unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

D. That Defendant is found to have violated the provisions of the New York State Human Rights Law and New York City Human Rights Law as to Plaintiff;

E. An award to Plaintiff for her actual damages for lost wages and benefits, including an award of back pay and front pay, compensatory damages for emotional distress sustained by her, punitive damages to deter future unlawful conduct by Defendant, all in amounts to be determined at trial;

F. An award to Plaintiff for the costs of this action, including reasonable attorneys' fees and costs to the fullest extent permitted by all applicable law; and

G. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: June 15, 2022  
       New York, New York

Respectfully submitted,

\_\_\_/s/_____
Brendan Sweeney, Esq.
Hajar Hasani, Esq.
The Law Office of Christopher Q. Davis, PLLC
80 Broad Street, Suite 703
New York, New York 10004
646-430-7930 (main)
bsweeney@workingsolutionsnyc.com
hhasani@workingsolutionsnyc.com

15